HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSHUA B. SHAPIRO, | No.  12-cv-5237 RBL |
| Plaintiff, | ORDER |
| v. | (Dkt. #13) |
| AMERICA'S CREDIT UNION, a federal credit union, and REBECCA CADDIGAN, | |
| Defendants. | |

Plaintiff, appearing *pro se*, filed suit alleging that Defendant America's Credit Union closed his account, refunded the balance of his account, stopped payment on the refund check, and then refused to explain why.  Here, he moves to determine the sufficiency of Defendant's responses to his requests for admission and for the award of reasonable expenses.

### I.   BACKGROUND

**A.  Nature of the Complaint**

The *pro se* Complaint is somewhat disorderly at times, but the gist of Plaintiff's claims appears to be that America's Credit Union closed his account and refused to return his funds without reason.  Plaintiff alleges that in March 2011, America's Credit Union "decided to suspend and terminate Plaintiff's accounts and expel him from ACU without notice or warning due to an accumulation of insufficient funds that were incurred . . . ." (Compl. ¶ 7.)  He states later, however, that "Defendants' actions to suspend the Plaintiff's accounts was never explained." (*Id.* ¶

9.) The transactions are apparently inter-bank transfers between the Plaintiff's various accounts. (*See* Compl., Ex. C.)

Plaintiff alleges that he contacted the credit union to ask why his account was frozen, and while he awaited an answer, America's Credit Union terminated the account altogether. (*Id.* ¶ 9.) Plaintiff alleges that he then requested the return of $3,255.44, the outstanding balance of his account. (*Id.* ¶ 12.) America's Credit Union sent the check, but when Plaintiff attempted to deposit the funds, he found it rejected "for unknown reasons." (*Id.* ¶ 13.) Plaintiff contacted the credit union, learned that a stop-payment order had been placed on the check, and requested an explanation. (*Id.* ¶ 14.) According to the Complaint, "ACU refused to give the Plaintiff his money back and will not disclose why." (*Id.*)

Further, Plaintiff states that he received a financial statement from the credit union and sought to dispute certain transactions. (*Id.* ¶ 16.) He alleges that "Defendants claimed they were working on it and would contact Plaintiff," but never did. (*Id.*)

### B. Requests for Admission

Plaintiff sent requests for admission to America's Credit Union on September 12, 2012, and argues that Defendant's responses are wanting. (Pl.'s Mot. to Compel at 5.) Specifically, Plaintiff states that Defendant failed to appropriately answer requests 20 through 25. These requests relate to the events alleged above; they are outlined fully below.

Defendant argues that Plaintiff did not satisfy the meet-and-confer requirement of Federal Rule 37(a)(1) because Plaintiff sent them only one email requesting a discovery conference. (Def.'s Resp. at 1.) In that email, Plaintiff stated that he "reviewed [Defendant's] responses, and request[s] that you supplement your responses and/or meet and confer via telephone or provide both available dates and times that you are available to resolve this matter." (*Id.*) Defendant apparently ignored the request and faults Plaintiff for "engag[ing] in the bare minimum attempt at contact." (*Id.*) Defendant offers no explanation for its reticence.

Second, Defendant argues that Plaintiff's "lack of clarity hindered Defendants ability [sic] to admit or deny" the requests. Defendant also faults Plaintiff for failing to provide dates for the transactions in question, although the Complaint states (in bold) that the transactions occurred in

1  March 2011, and that Plaintiff spoke with Rebecca Caddigan, a credit union employee and
2  Defendant here, on March 17, 2011 (again in bold). (Compl. ¶¶ 7, 12.) Plaintiff also attached a
3  list of his March transactions as Exhibit B to the Complaint. Defendant also confusingly argues
4  that "[i]t would be simple for defendants to just deny all of these requests for admission and there
5  would be no basis for any motion to compel." (Def.'s Resp. at 2.)

## II. DISCUSSION

Requests for admission permit a party to serve "a written request to admit, for purposes of the pending action only, the truth of any matters within the scope" of proper discovery. Fed. R. Civ. P. 36(a). The effect of the admission is such that "any matter admitted under this rule is conclusively established" unless the court grants a motion to waive or amend. *Tillamook Country Smoker, Inc. v. Tillamook County Creamery Ass'n*, 465 F.3d 1102, 1112 (9th Cir. 2006) (quoting Fed. R. Civ. P. 36(b)). Requests for admission serve "to narrow the issues for trial to those which are genuinely contested." *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 967 (3d Cir. 1988) (citations omitted).

If a matter is denied, "the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). A denial "must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id.* A responding party may assert lack of knowledge only if the party states that it has made "a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it admit or deny." *Id.* If unsatisfied with a response, a party may "move to determine the sufficiency of an answer or objection." Fed. R. Civ. P. 36(a)(6). "Unless the court finds an objection justified, it must order that an answer be served." *Id.* Lastly, a court must award expenses if the motion is granted. *Id.* (citing Fed. R. Civ. P. 37(a)(5) ("the court must, after giving opportunity to be heard, require . . . the party or attorney . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees").

**A. Certification of Discovery Conference**

Before addressing the substance of Plaintiff's motion, Defendant asserts that the motion itself is procedurally deficient because Plaintiff failed to send multiple requests for a discovery conference after Defendant ignored the first.

A party must certify that "the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); *see also* 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2263 (3d ed. 2012) (noting that "[l]ike other motions to compel, [a motion to determine sufficiency of answers] is also subject to the requirement that the moving party attempt first to confer with the other side to avoid the need for a hearing"). The burden of persuasion lies on the party objecting to the requests for admission. *See* Adv. Committee Notes to Fed. R. Civ. P. 36, 1970 Amend. (noting that burden of persuasion remains on objecting party).

Defendant asks this Court to endorse a novel theory of discovery conferences: that a party must request a meet-and-confer *repeatedly* before filing a motion to compel. Defendant offers no explanation whatsoever for why it ignored Plaintiff's reasonable request. Rather, Defendant appears to believe that it is appropriate to simply disregard a request because more will come. Only ignoring two, three, or perhaps four requests would warrant a motion to compel. (Although, Defendant suggests no number of ignored-requests that should trigger a motion.) Defendant's argument is flatly counter to Federal Rule 1.

The Court does not suggest that every unanswered request for a meet-and-confer should immediately result in a motion to compel, but Plaintiff has met Rule 37's discovery conference requirement.

**B. Plaintiff's Requests for Admission**

    **1. RFP #20**

Plaintiff argues that Defendant's response to RFP #20 is "unclear and ambiguous." (Pl.'s Mot. to Compel at 15.) RFP #20 asked Defendant to admit:

> [T]hat ACU refused to release the Plaintiff his funds subsequent to placing a stop payment on a check ACU sent the Plaintiff in the amount of $3,255.33.

(*Id.* at 13.) Defendant responded: "Defendant admits placing a stop payment on a check sent by defendant to plaintiff, but denies releasing plaintiff's funds." (*Id.* at 14.) It is this last phrase "but denies releasing plaintiff's funds" that Plaintiff argues is unclear. Indeed, it is. Plaintiff asked America's Credit Union to admit that it will not release his funds. Defendant has responded by denying that it released Plaintiff's funds. But no one has suggested that it released Plaintiff's funds; the accusation is the opposite. While the confusion may stem simply from a grammatical oversight, Defendant must fix its answer. They may admit, deny, or claim lack of information (which seems unlikely) to answer the request. Fed. R. Civ. P. 36(a)(4) (noting three possible answers to a request for admission).

It is worth noting that Defendant offers no credible argument in response. Its one-page response to the substance of Plaintiff's motion contains only this argument: "Plaintiff's lack of clarity hindered Defendants ability [sic] to admit or deny." (Def.'s Resp. at 2.) Defendant claims that the word "involved" rendered RFP #24 "to vague [sic]" to be answered (it is not), but fails to address even a single other contested RFP. (*Id.*)

Plaintiff's motion to determine the sufficiency of RFP #20 is granted.

### 2. RFP #21

RFP #21 requests America's Credit Union to "[a]dmit that in the year 2011 the Plaintiff made several online ACH transfers from his ACU account(s) which ACU returned the funds." (Pl.'s Mot. to Compel at 15.) The Complaint states that America's Credit Union allows customers "to make electronic funds transfers via the Automated Clearing House ('ACH') network, a system used by banks to transfer funds electronically between accounts." (Compl. ¶ 28.) In his briefing, Plaintiff explains that he scheduled electronic funds transfers from his ACU accounts, and the transactions were "returned for insufficient funds." (Pl.'s Mot. to Compel at 16.)

Defendant responded: "Defendant has made a reasonable inquiry and asserts a lack of knowledge for failing to admit or deny. The statement is not clear enough to admit or deny."

As an initial matter, Defendant has given two differing answers: (1) That it lacks the information to answer; and (2) that it does not understand the request. This is improper. The first answer suggests that Defendant understands the question and cannot answer it because the

necessary information is either outside its control or does not exist. The second answer states that Defendant cannot respond at all.

This RFP is, however, somewhat unclear. Plaintiff requests that Defendant admit he made several online transfers, but the phrase "which ACU returned the funds" is not a model of clarity. Although RFP #21 could have been phrased better, Defendant fails to "state in detail why the answering party cannot truthfully admit or deny it" as required by Fed. R. Civ. P. 36(a)(4). The discovery rules require the good faith of each party (*see* Fed. R. Civ. P. 36(a)(4) (expressly requiring good faith)). If Defendant was confused by the phrasing (as the Court is), it could have avoided this spat by specifying the part of the request that is confusing and answering the rest as mandated by Rule 36.

Plaintiff will revise RFP #21, and Defendant will provide a good-faith answer as required under Rule 36.

### 3.  RFP #22

RFP #22 requests Defendant "[a]dmit that in the year 2011 the Plaintiff disputed to ACU several ACH transfers which were executed." (Pl.'s Mot. to Compel at 17.) Defendant provided the same answer as RFP #21: "Defendant has made a reasonable inquiry and asserts a lack of knowledge for failing to admit or deny. The statement is not clear enough to admit or deny."

The request is clear. Plaintiff has either disputed several ACH transfers, or he has not, or America's Credit Union lacks knowledge sufficient to answer. If the request in and of itself was somehow unclear, the Complaint specifies the time (March 2011) and identifies who Plaintiff spoke with (Ms. Caddigan on at least one occasion).

Defendant's answer is insufficient.

### 4.  RFP #23

RFP #23 requests that Defendant "[a]dmit that ACU did not respond to any disputed claims made by the Plaintiff regarding any online ACH transfers which were executed in the year 2011." Defendant provided the same answer. The RFP is not unclear; Defendant's answer is insufficient.

### 5. RFP #24

RFP #24 requests that Defendant "[a]dmit that Alliant Credit Union and PNC Bank were among the financial institutions involved in the return of funds by ACU from the Plaintiff's accounts in the year 2011." (Pl.'s Mot. to Compel at 19.)  Defendant again provided the same response as above.

Again, the RFP is clear, despite Defendant's assertion that the word "involved" is too vague. Plaintiff seeks an admission that Alliant and PNC were involved in the return of funds transactions that he disputes.  Defendant's answer to RFP #24 is insufficient.

### 6. RFP #25

RFP #25 requests that Defendant "[a]dmit that ACU never provided any provisional credit to the Plaintiff's accounts while he was a member of ACU."  Defendant provided the same answer as above.

The request is clear.  Defendant's answer is insufficient.

### III. CONCLUSION

For the reasons stated above, Plaintiff's motion to determine the sufficiency Defendant's answers to his requests for admission (Dkt. #13) is **GRANTED**.  Plaintiff requests $750.00 pursuant to Fed. R. Civ. P. 36(a)(6) for the reasonable expenses of bringing this motion.  The award is reasonable and is **GRANTED**.[1]  Defendant America's Credit Union will pay Plaintiff $750.00 within 30 days of this order.

Dated this 6th day of November, 2012.

Ronald B. Leighton
United States District Judge

---

[1] Implicit in this order is that none of the three exceptions in Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii) apply.  Plaintiff attempted to meet and confer before filing this motion, Defendant's conduct is not substantially justified, and there are no other circumstances that make an award of expenses unjust.