HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSHUA B. SHAPIRO,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>AMERICA'S CREDIT UNION, a federal credit union, and REBECCA CADDIGAN,<br><br>　　　　　　　Defendants. | No.  12-cv-5237 RBL<br><br>ORDER ON MOTION TO COMPEL<br><br>[Dkts. #16, 20] |

THIS MATTER is before the Court on Plaintiff's Motions to Compel Discovery [Dkt. #16] and for Sanctions [Dkt. #20].  *Pro se* Plaintiff Shapiro sued America's Credit Union ("ACU") after it closed his account but failed to return his money.

Shapiro's discovery seeks information about why it did so.  He specifically seeks information about his Membership Account Agreement, and all documents about him since 2009.  This Motion asks the Court to determine that ACU's Responses were insufficient.  He also asks the Court to sanction ACU and to hold it in contempt for its failures.

ACU claims it already returned the money and produced the information requested.

**I.    BACKGROUND.**

In a prior Order, the Court resolved a similar discovery issue in this $3200.00 dispute.  It sanctioned ACU $750, and ACU was four days late paying that sanction.  That delay, and

Order - 1

ACU's failure to correct a typo, led to Shapiro's Motion for sanctions and contempt. Shapiro now argues that ACU's responses are inadequate, primarily because it has not produced the Membership Account Agreement as it existed during 2009-2011. Shapiro also argues that ACU has not searched all of its documents, and that the documents it has produced are insufficient.

ACU argues that Shapiro failed to satisfy Rule 37(a)(1)'s good faith meet-and-confer requirement, and that his Motion should be stricken because it is far too long. ACU also argues that the information requested has already been produced, and that it is making a good faith effort to supplement its responses.

## II.   DISCUSSION.

It is well established that a party may obtain discovery regarding any nonprivileged matter that is relevant to any claim or defense. Fed.R.Civ.P. 26(b)(1). Relevant information need not be admissible at trial so long as the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. *Id.* Relevance is construed broadly to include any matter that bears on, or reasonably could lead to other matter that could bear on, any issue that may be in the case. *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)(citing *Hickman v. Taylor,* 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947))(footnote omitted). Rule 37 of the Federal Rules of Civil Procedure enables the party seeking discovery to bring a motion to compel an answer, designation, production, or inspection. Fed.R.Civ.P. 37(a)(3)(B). The party opposing discovery bears the burden of resisting disclosure. *Miller v. Pancucci,* 141 F.R.D. 292, 299 (C.D.Cal.1992).

**A. Procedural Deficiencies.**

   *a. Discovery Conference.*

ACU asserts that Shapiro's Motion is procedurally deficient, because he sent only one email requesting a discovery conference.  ACU made this same argument in response to Shapiro's first motion when they also ignored an email from Shapiro about discovery.  ACU offers no explanation for its reticence, but concedes it should have responded to Shapiro's email.  Shapiro's single email meets Rule 37's meet and confer requirement and the Court will not deny the Motion on the basis of the *pro se* Plaintiff's failure to send repetitive emails.

   *b. Overlength Motion.*

ACU argues that Shapiro's motion to compel is procedurally deficient because it is 32 pages long, while Local Rule 7(e)(2) imposes a 12 page limit.  ACU argues that because Shapiro's substantive complaints do not appear until page 13, the motion should be denied in its entirety.  The Court has broad discretion in interpreting its local court rules.  While Shapiro's brief is entirely too long for the case and dispute, the Court will consider his arguments on the merits.

**B. Shapiro's Requests for Production of Documents.**

   **1. Membership Account Agreements.**

Shapiro requested any documents related to ACU policies and procedures in effect from 2009 – 2011 related to his claim.  In response, ACU provided a copy of its Member and Account Agreement that had been updated as of September, 2012.  Shapiro argues that this response is not sufficient because the Agreement was not in effect during his time as an ACU member.  He also alleges that ACU did not go through all of its policies and did not produce all relevant documents.

ACU argues that the 2012 Agreement is sufficient because it was in effect during the time Shapiro was at ACU. ACU claims that the documents it has produced are sufficient and producing all potentially relevant documents would be unreasonable due to the sheer number of documents at issue. ACU also claims it has produced Shapiro with a list of all policies and has offered to make available any specific policies he requests.

ACU must produce its Member Account Agreements as they existed in 2009-2011 and Shapiro's Motion to Compel is GRANTED to that extent. It is DENIED as to the remainder of his request.

### 2. Account Notes.

The next request at issue seeks any information that ACU compiled about Shapiro including meeting notes or minutes. Shapiro claims that ACU has not produced any information in response to this request. ACU claims that there are no meeting notes or minutes that would be responsive to the request, but agrees to produce a copy of Shapiro's account notes.

ACU must produce these account notes and Shapiro's Motion to compel production is GRANTED to that limited extent.

### 3. ACU Financial Information.

Shapiro also asks the Court to compel ACU to produce detailed financial information. He claims he needs this information in order to recover punitive damages[1]. ACU did not produce any of the requested documents and argues it is not required to do so because its financial condition is a matter of public record. ACU has provided Shapiro with instructions about how to obtain Financial Performance Reports and Quarterly Call reports through www.NCUA.gov.

---

[1] It is far from clear that punitive damages are actually at issue in this case.

The financial information provided through the National Credit Union Administration's website is sufficient and Shapiro's motion to compel additional financial information is **DENIED**.

**C. Additional Sanctions.**

Shaprio's Motion for sanctions and for a finding of contempt is DENIED.

### III.   CONCLUSION.

For the reasons stated above, Shapiro's motion to compel production [Dkt. #16] of ACU's Member Account Agreements from 2009-2011 and relevant account notes is **GRANTED**, and his motion to compel additional financial information and general supplemented answers is **DENIED**.  His Motion for sanctions [Dkt. #20] is **DENIED.**

Dated this 27th day of February, 2013.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE