1                                                         HONORABLE RONALD B. LEIGHTON

2

3

4

5

6                                  UNITED STATES DISTRICT COURT
7                               WESTERN DISTRICT OF WASHINGTON
                                             AT TACOMA
8

   JOSHUA B. SHAPIRO,                                   CASE NO. C12-5237-RBL
9
                            Plaintiff,                  ORDER
10
           v.                                           (Dkts. #30, 39, 43, 48)
11
   AMERICA'S CREDIT UNION, a federal
12 credit union, and REBECCA
   CADDIGAN,
13
                            Defendants.
14

15         Joshua Shapiro, appearing *pro se*, sued America's Credit Union after it closed his account

16 and refused to return his funds.  Shapiro also sued Rebecca Caddigan, the ACU employee who

17 notified Shapiro of his account closure.

18         Although this Court has already entertained and resolved three discovery issues in this

19 $3,200 dispute, Shapiro moves to compel deposition testimony, production of documents, and

20 sanctions (Dkt. #39).  Caddigan moves to dismiss all claims against her (Dkt. #30).  Shapiro's

21 Motion is DENIED, and Caddigan's Motion is GRANTED.

22

23

24

# I.   BACKGROUND

1

2       In March 2011, Shapiro used his online banking accounts at several different financial

3   institutions to transfer funds into his account at ACU.  Shapiro made these transfers from

4   accounts that were either closed or did not contain sufficient funds.  As a result, no valid funds

5   were ever transferred to Shapiro's ACU account.

6       On March 17, 2011, Rebecca Caddigan, an ACU employee, notified Shapiro by e-mail

7   that ACU was closing his account.  Caddigan also notified Shapiro that a certified check for

8   $3,255.33—Shapiro's remaining account balance—would be mailed to him.  Caddigan was

9   acting within the scope of her employment at all times.

10      The next day, two $1,000 transfers were returned on Shapiro's account, which reduced

11  his account balance to $1,255.33.  ACU placed a stop payment on the $3,255.33 check.

12  Believing that fraud was taking place, ACU closed Shapiro's account to prevent loss and

13  transferred the remaining $1,255.33 in his account to a general ledger.  Another ACU employee,

14  Angela May, left a message on Shapiro's voicemail requesting that he contact ACU about his

15  account, and notifying him that a stop payment was placed on the cashier's check that ACU sent

16  to him.

17      A year later, Shapiro sued ACU and Caddigan, alleging violations under the Electronic

18  Funds Transfer Act and Federal Credit Union Act, as well as fraud, negligent misrepresentation,

19  negligence, breach of contract, conversion, and unjust enrichment.

20      This Court resolved discovery issues in three prior Orders.  This Court granted Shapiro's

21  motion to determine the sufficiency of ACU's answers to requests for admissions and sanctioned

22  ACU $750.  Order, Dkt. #17.  This Court also granted Shapiro's first motion to compel

23  discovery, but denied his second motion to compel discovery.  Order, Dkt. #25; Order, Dkt. #38.

24

1   Shapiro now moves to compel deposition testimony, production of documents, and

2   sanctions.  Caddigan also moves to dismiss all claims against her under Federal Rule of Civil

3   Procedure 12(b)(6).

## II.   DISCUSSION

**A.  Shapiro's Motion to Compel is Denied.**

**1.  ACU Produced an Adequate Witness.**

7   Shapiro argues that ACU failed to produce an adequate witness under Federal Rule of

8   Civil Procedure 30(b)(6), because ACU representative Angela May was not able to address all of

9   the topics outlined in Shapiro's deposition notice during her deposition.  Pl.'s Mot., Dkt. #39 at

10  3.  Shapiro therefore seeks additional testimony on twelve deposition topics.[1]  *Id.* at 5.

11  In response, ACU argues that May was a competent and knowledgeable witness who

12  gave honest and non-evasive testimony during her deposition.  Def.'s Resp., Dkt. #41 at 4.  ACU

13  also argues that Shapiro's deposition notice was so overly broad that no single individual could

14  comply with its terms.  *Id.* at 6.

15  Rule 30(b)(6) enables a party to gather information about a corporation from a person

16  designated to serve as the voice of the corporation.  *Rainey v. Am. Forest & Paper Ass'n, Inc.*, 26

17  F. Supp. 2d 82, 94 (D.D.C. 1998).  The Rule requires that "matters for examination" be

18  described with "reasonable particularity."  Fed. R. Civ. P. 30(b)(6).  In determining whether a

19  corporation has met its Rule 30(b)(6) obligation, courts examine the degree and type of effort

20  made by the corporation to prepare the witness.  *Int'l Bhd. of Teamsters, Airline Div. v. Frontier*

---

[1] Plaintiff seeks additional testimony with respect to Topics 1–7 and 17–21 in his deposition notice. These topics "include[], but [are] not limited to: (1) information concerning Complaints filed with NCUA; (2) Plaintiff's checking and savings account history with defendant ACU; (3) NACHA Operating Rules and Guidelines; (4) information from past employees; (5) employees names from different departments that may have investigated matters related to the Plaintiff's accounts; (6) information related to any investigations that may have led in anticipation of the filing of any SAR's; (7) Membership Expulsion; and (8) information from documents that were withheld from the Plaintiff during the deposition."  Pl.'s Mot., Dkt. #39 at 5.

1     *Airlines, Inc.*, No. 11–cv–02007–MSK–KLM, 2013 WL 627149, at *6 (D. Colo. Feb. 19, 2013);

2     *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1147 (10th Cir. 2007).

3         Broad topics of inquiry, however, do not "give rise to an obligation to prepare a witness

4     to answer every conceivable detailed question relating to the topic." *United States v. Guidant*

5     *Corp.*, No. 3:03–0842, 2009 WL 3103836, at *3 (M.D. Tenn. Sept. 24, 2009).  Deposition

6     notices that contain "including but not limited to" language are often overbroad.  *See, e.g.*,

7     *Federal Ins. Co. v. Delta Mechanical Contractors, LLC*, No. 11–048ML, 2013 WL 1343528, at

8     *4 (D.R.I. Apr. 2, 2013); *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000).  Further, the fact

9     that the corporate designee cannot answer every question posed during the deposition does not

10    mean that the corporation failed to satisfy its Rule 30(b)(6) obligation to prepare the witness.

11    *Costa v. Cnty. of Burlington*, 254 F.R.D. 187, 190 (D.N.J. 2008).

12        Shapiro's Rule 30(b)(6) notice is overbroad and subjects ACU "to an impossible task."

13    *Reed*, 193 F.R.D. at 692.  In addition to containing "including but not limited to" language,

14    Shapiro's fourteen page deposition notice lists an exhaustive number of topics.  These broad

15    topics of inquiry do not obligate ACU to prepare a witness to answer every conceivable question

16    relating to the topic.

17        Despite Shapiro's overbroad deposition notice, May was an adequate witness under Rule

18    30(b)(6).  May reviewed all of the documents that ACU provided Shapiro prior to her deposition.

19    May Dep. at 12, Ex. F, Dkt. #45.  Throughout her deposition, May was a competent and

20    knowledgeable witness who provided Shapiro with much of the information he sought.  The fact

21    that she was unable to answer every question posed during her deposition does not mean that

22    ACU failed to satisfy its Rule 30(b)(6) obligation.  Charlene Henson, Director of Member

23    Resolution for ACU, was also present during May's deposition to provide information on behalf

24

1  of the credit union.  ACU therefore provided an adequate witness under Rule 30(b)(6) and

2  Shapiro's Motion to Compel Deposition Testimony is DENIED.

3         **2.  Sanctions Are Not Warranted.**

4       Shapiro argues that the Court should impose sanctions for ACU's failure to comply with

5  Rule 30(b)(6).  Pl.'s Mot., Dkt. #39 at 13.  As discussed above, ACU provided an adequate

6  witness under Rule 30(b)(6).  There is no basis for awarding sanctions.  Shapiro's Motion for

7  Sanctions is DENIED.

8         **3.  ACU Provided the Requested Documents.**

9       Shapiro also seeks previously requested documents, specifically ACU's Bylaws from

10  2009–2011, all of Shapiro's financial statements from 2009–Present, and clearer copies of

11  ACU's electronic services application and account application.  Pl.'s Mot., Dkt. #39 at 2.  ACU

12  argues that it already provided the documents Shapiro requested.  Def.'s Resp., Dkt. #41 at 2.

13       ACU has provided the documents Shapiro requested.  On April 25, 2013, ACU's counsel

14  sent a copy of these documents via e-mail to Shapiro.  Siderius Decl., Ex. A, Dkt. #42.  Shapiro

15  responded the next day indicating the documents were difficult to read in electronic format.  *Id.*

16  Seven minutes after Shapiro sent his reply e-mail, ACU's counsel requested clearer copies of the

17  documents from Charlene Henson at ACU.  *Id.*  ACU's counsel then mailed hard copies of the

18  documents to Shapiro on May 1, 2013.  Siderius Decl., Ex. B, Dkt. #42.  Thus, the documents

19  that are the subject of Shapiro's Motion have been provided to Shapiro.

20       Shapiro's Motion for Additional Documents is DENIED.

21

22

23

24

1    **B.  Caddigan's Motion to Dismiss is Granted.**

2         Caddigan argues that Shapiro has failed to state a claim for relief against her.  Def.'s

3    Mot., Dkt. #30.  Caddigan therefore moves to dismiss all claims against her under Federal Rule

4    of Civil Procedure 12(b)(6).  *Id.*

5         In his reply brief, Shapiro waives his Electronic Funds Transfer Act, Federal Credit

6    Union Act, and breach of contract claims against Caddigan.  Pl.'s Resp., Dkt. #46 at 1.  He also

7    admits that his remaining claims against Caddigan for fraud, negligent misrepresentation,

8    negligence, conversion, and unjust enrichment are "moot and unavailing."  Pl.'s Resp., Dkt. #46

9    at 2.  He nevertheless asks the Court to read twenty-two pages of argument about why those

10   claims have merits.

11        Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal

12   theory or absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v.*

13   *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff's complaint must allege

14   facts to state a claim for relief that is plausible on its face.  *See Ashcroft v. Iqbal*, 129 S.Ct. 1937,

15   1949 (2009).  A claim has "facial plausibility" when the party seeking relief "pleads factual

16   content that allows the court to draw the reasonable inference that the defendant is liable for the

17   misconduct alleged."  *Id.*  Although the Court must accept as true the Complaint's well-pled

18   facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise

19   proper [Rule 12(b)(6)] motion.  *Vasquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007);

20   *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "[A] plaintiff's obligation

21   to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

22   and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations

23   must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*,

24

1   550 U.S. 544, 555 (2007) (citations and footnote omitted).  This requires a plaintiff to plead

2   "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 129 S.Ct. at

3   1949 (citing *Twombly*).

4        Shapiro has failed to state a claim against Caddigan.  It is undisputed  that Caddigan was

5   acting within the scope of her employment at all times.  Caddigan's only contact with Shapiro

6   was in the course of her employment.  She notified Shapiro that his account was closed and that

7   ACU would mail him a check.  These statements were admittedly true.  Caddigan Decl., Dkt.

8   #34.  There is no evidence whatsoever that Caddigan made any knowing misrepresentations to

9   Shapiro, and any representations she made were ACU's and not her own.  There is also no

10   evidence that Caddigan received any funds owed to Shapiro or converted any funds in his

11   account.  Shapiro's claims against Caddigan are therefore DISMISSED WITH PREJUDICE.

12   **C. Shapiro's Request to Amend his Complaint is Denied.**

13        In his reply brief to Caddigan's Motion to Dismiss, Shapiro seeks to amend his

14   Complaint to add a claim against ACU and Caddigan under the Fair Debt Collection Practices

15   Act.  Pl.'s Resp., Dkt. #46 at 2.

16        Federal Rule of Civil Procedure 15(a) provides that a party may amend once "as a matter

17   of course" within twenty-one days after the pleading is served if no responsive pleading is

18   allowed, or twenty-one days after service of either a responsive pleading or a motion under Rule

19   12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may

20   amend its pleading only with the opposing party's written consent or the court's leave. The court

21   should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  A district court is,

22   however, within its discretion to deny leave to amend where amendments are futile, would cause

23

24

1    undue prejudice, or when amendment is sought in bad faith.  *Ventress v. Japan Airlines*, 603

2    F.3d 676, 680 (9th Cir. 2010) (citation omitted).

3           Shapiro's proposed amendments are futile.  The FDCPA regulates the conduct of debt

4    collectors.  15 U.S.C. § 1692.  ACU is not a debt collector, and therefore the FDCPA does not

5    apply to ACU.  Further, the FDCPA specifically excludes "any officer or employee of a creditor

6    while, in the name of the creditor, collecting debts for such creditor."  15 U.S.C. § 1692a(6).

7    Caddigan, as an ACU employee, is not a debt collector.  Thus, the FDCPA also does not apply to

8    Caddigan.

9           Although not properly before this Court, Shapiro's request to amend his Complaint is

10   DENIED.

11                              **III.     CONCLUSION**

12          ACU produced an adequate witness under Rule 30(b)(6) and provided the previously

13   requested documents.  Shapiro's Motion to Compel (Dkt. #39) is DENIED.  Additionally,

14   Shapiro failed to state a claim for relief against Caddigan under Rule 12(b)(6).  Caddigan's

15   Motion to Dismiss (Dkt. #30) is GRANTED, and Shapiro's claims against her are DISMISSED

16   WITH PREJUDICE.  ACU's Motion for Surreply is DENIED (Dkt. #43), and Shapiro's Motion

17   to Strike Surreply is DENIED (Dkt. #48).

18          IT IS SO ORDERED.

19          Dated this 31st day of May, 2013.

20

21          _____

22          RONALD B. LEIGHTON
            UNITED STATES DISTRICT JUDGE

23

24