HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSHUA B SHAPIRO,<br><br>    Plaintiff,<br><br>  v.<br><br>AMERICA'S CREDIT UNION, a federal credit union, and REBECCA CADDIGAN,<br><br>    Defendant. | CASE NO. C12-5237 RBL<br><br>ORDER<br><br>(Dkt. #s 50, 52) |

THIS MATTER is before the Court on *pro se* Plaintiff Joshua B. Shapiro's Motion for Summary Judgment (Dkt. #50) and Defendant America's Credit Union's Motion to Dismiss (Dkt. #52). Because both parties have submitted extrinsic evidence regarding the motion to dismiss, and because the same issues are raised in both motions and have been thoroughly briefed, the Court will consider the motions as cross motions for summary judgment. Fed. R. Civ. P. 12(d).

The facts of this minor but heavily litigated dispute are outlined in the Court's prior orders, and do not bear repeating. ACU closed Shapiro's accounts in March 2011 because it suspected he was kiting checks. This suspicion was triggered by a phone call Shapiro placed to

ORDER - 1

ACU's Member Contact Center.[1]  Shapiro was upset about how his accounts were closed, and with ACU's failure to timely release to him the remaining account balance, so he sued, alleging claims under the Electronic Funds Transfer Act, the Federal Credit Union Act, and six other common law claims.  Shapiro now seeks summary judgment on each claim.  ACU seeks to dismiss each claim.  Because Shapiro has failed to present proof for any of his claims, his Motion for Summary Judgment is DENIED, and ACU's Motion is GRANTED.

## I.  Discussion

### A.  Standard of Review

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law.  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient."  *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).  Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor."  *Triton Energy*, 68 F.3d at 1220.

---

[1] This was apparently a rather angry conversation, and there is some dispute as to whether Shapiro requested his accounts to be closed during this phone call.

ORDER - 2

### B. Electronic Funds Transfer Act

Shapiro claims multiple violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq.* He first claims that ACU did not provide an error resolution notice as required by the EFTA. 12 C.F.R § 205.8(b) (implementing the EFTA). Financial institutions are required to deliver to their customers an error resolution notice at least once a year, or within each periodic statement. *Id.* ACU provided this notice to Shapiro both through the Membership and Account Agreement to which he was bound upon signing, and through each account statement that was sent to him. (Dkt. #53, Decl. of Charlene Henson at ¶16). Therefore, Shapiro's claim fails as a matter of law.

Shapiro's claim that ACU did not disclose its funds availability policy as required by the EFTA, 12 C.F.R. § 229.15, fails for the same reason. The Membership and Account Agreement described the Funds Availability Policy in conformance with the EFTA. (Dkt. #53, Decl. of Charlene Henson at ¶15)

Shapiro's final EFTA claim is that ACU failed to respond to a notice of error regarding several electronic funds transfers made on his account. 15 U.S.C. § 1693f. Shapiro alleges that he contacted ACU about multiple online transfers that he says either were executed incorrectly, or were incorrectly returned for insufficient funds. Shapiro alleges that he called and wrote ACU about the errors and asked it to investigate. He claims that ACU never responded, in violation of the EFTA.

ACU disputes that it ever received the letter Shapiro claims he sent, as it has no record in its tracking reports that it received the letter. For the Court's purposes, however, this dispute is irrelevant. Even assuming that ACU did receive the letter, the letter does not include information required to constitute a proper EFTA "notice." The EFTA specifically requires that

an error notice include the amount of the disputed transaction: the financial institution is obligated to investigate an alleged error when, among other things, the notice "includes the consumer's belief that the documentation…contains an error, and the amount of such error." 15 U.S.C. § 1693f(a)(2). The letter Shapiro claims he sent includes only a vague reference to "various online electronic funds transfers which I requested." (Dkt. #3, Exhibit C). That letter is insufficient as a matter of law to trigger a response by ACU.

ACU also contends that it never received a phone call from Shapiro notifying ACU of any errors on his March 2011 statement. Again, whether or not Shapiro made this phone call is irrelevant, because Shapiro has presented no evidence that it notified ACU with sufficient particularity to constitute a proper EFTA "notice." Shapiro has not presented any evidence that he, through this call, set forth the amount of the error or the reasons for his belief that an error has occurred. *See* 15 U.S.C. § 1693f(a)(1-3). Instead, Shapiro says only that he "orally complained to defendant ACU concerning my March of 2011 account statement and the various ACH fund transfers." (Dkt. #51, Decl. of Joshua B. Shapiro at ¶21). His failure to present evidence that he gave proper "notice" prevents him from prevailing here. Shapiro's EFTA claims fail as a matter of law, and they are DISMISSED with prejudice.

**C.  Federal Credit Union Act**

Shapiro claims that ACU violated Section 118 of the Federal Credit Union Act, 12 U.S.C. § 1764, by expelling him as a member of the credit union. The FCUA provides two exclusive means for expulsion: (1) by a two-thirds vote by the credit union members, or (2) by a vote of the credit union's board of directors. 12 U.S.C. § 1764. Shapiro argues that ACU expelled him from the credit union without doing either.

But Shapiro was never expelled from ACU.  Members of federal credit unions are afforded two fundamental rights: (1) to maintain a share account and (2) to vote in annual and special meetings.  12 U.S.C. § 1759.  Shapiro continues to possess these rights.  ACU's policy is to terminate *an account* if there are excessive unpaid items or other abuse of the account.  This policy is outlined in the Membership and Account Agreement by which all members (including Shapiro) are bound.  (Dkt. #53, Decl. of Charlene Henson, Exhibit B at 10).

ACU terminated Shapiro's accounts because of suspected fraud, but there is no evidence whatsoever that ACU terminated Shapiro's credit union membership.  This, as a matter of law, prevents him from bringing an FCUA claim.  Shapiro's FCUA claim is DISMISSED with prejudice.

**D.  Other Claims**

Shapiro's remaining claims also fail.  Neither the Complaint nor Shapiro's Motion for Summary Judgment contain more than recitations of law, and broad, vague inferences to facts he argues proves these claims.  He has presented no credible evidence of fraud, negligent misrepresentation, negligence, breach of contract, conversion, or unjust enrichment.  As such, these claims also fail as a matter of law.

//
//
//
//
//
//

## II. CONCLUSION

Shapiro's Motion for Summary Judgment is **DENIED**. ACU's Motion is **GRANTED.** ACU is directed to reissue Shapiro's funds that remain with ACU in the sum of $1,255.44. This matter is **DISMISSED** with prejudice.

IT IS SO ORDERED.

Dated this 25th day of September, 2013.

*/s/ Ronald B. Leighton*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE